UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00238-TWP-CSW |
| | ) |
| ANGELA BAKER, | ) |
| JUDY HINTON, | ) |
| ARMS, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Motions for Summary Judgment filed by Defendants Angela Baker ("Nurse Baker") (Dkt. 43), and Judy Hinton ("Officer Hinton") and Carton Arms ("Officer Arms") (Dkt. 38) (collectively, "Defendants"). Plaintiff Jason Sharp ("Sharp"), a former Indiana Department of Correction ("IDOC") inmate, filed this lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated because while incarcerated, he received a hepatitis B vaccine that was intended for another inmate. (Dkt. 14.) For the reasons stated below, the summary judgment motions are **granted**.

## I. LEGAL STANDARD

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(a). When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on

summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Sharp failed to respond to the summary judgment motions. Accordingly, facts alleged in the motions are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.  FACTUAL BACKGROUND

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

2

### A. The Parties

At all relevant times, Jason Sharp was an inmate housed at Branchville Correctional Facility ("Branchville") (Dkt. 38-1 at 4.) His IDOC identification number was 233513. *Id.* at 21.

Defendant Angela Baker was a Licensed Practical Nurse working at Branchville. (Dkt. 45-2 at ¶ 2.)

Defendants Judy Hinton and Carton Arms were members of the correctional staff at Branchville. (Dkt. 19 at 1; Dkt. 38-1 at 12, 14, 17.)

### B. Defendants Hinton and Arms

On March 10, 2020, Officer Hinton kicked Sharp's bed to wake him up and asked him why he was not dressed and ready to go to the medical department. (Dkt. 38-1 at 12.) She gave him a medical pass. *Id.* at 12. Typically, medical passes only set forth an inmate's last name and IDOC identification number. *Id.* at 13-14. This pass however, set forth the name "Sharp" and had an IDOC identification number that did not belong to Sharp. *Id.* The pass was intended for a different inmate with the last name "Sharp." *Id.* Officer Hinton did not check the IDOC identification number on the pass to ensure that she was giving it to the correct "Sharp." *Id.* at 15. At his deposition, Sharp testified that he had no reason to believe that Officer Hinton would have known why the medical pass was issued or the purpose for the medical visit. *Id.* at 16-17.

Sharp took the pass and went to the medical department where he handed it to Officer Arms, who was sitting at the desk. *Id.* at 12. Officer Arms took the pass, signed Sharp in, and sent him back to see the nurse. *Id.* As noted by Sharp at his deposition, Officer Arms did not know why the medical pass was issued or the purpose for the medical visit. *Id.* at 22.

## C. **Defendant Baker**

Nurse Baker told Sharp that he would be receiving a hepatitis B vaccine, and Sharp signed a consent form agreeing to receive the vaccine. (Dkt 45-2 at ¶ 6; Dkt. 38-1 at 17, 23.) Nurse Baker had him sign his name in someone else's "book" but he did not question her about the need for the vaccine or realize that it was not intended for him at the time. (Dkt. 38-1 at 13, 23-24.)

## D. **Discovery of Mistake**

After Sharp left the medical appointment, he went to get his medical pass back from Officer Arms. *Id.* at 20. At that point, Officer Arms told him that the medical pass had been intended for another inmate and that he was "out of place." *Id*. Officer Arms said that Sharp's dorm had called to inform him of the error. *Id.*

Sharp then went back to ask Nurse Baker why she had given him a shot not intended for him. *Id.* at 24. She admitted that she did not look at the IDOC identification number before giving the shot and apologized. *Id.* She explained that the hepatitis vaccine Sharp received was part of a three-shot sequence and told him that the medical department could give him the other two shots of the sequence. *Id.* at 31. Sharp agreed but ultimately did not receive the additional shots. *Id.* When he filed health care requests asking to receive the shots, he was told that he did not need them because he was not working in the kitchen. *Id.* at 14.

In her summary judgment affidavit, Nurse Baker testified that she did not intentionally give the vaccine to the wrong inmate. (Dkt. 45-2 at ¶ 7.)

Sharp did not experience any physical problems because of the vaccine. (Dkt. 38-1 at 26.) He felt sick to his stomach because he was worried about what the vaccine was going to do to him. *Id.* at 26. Sharp had some "post-traumatic stress from worrying . . . so much," although he admitted that he had not been diagnosed with anxiety or post-traumatic stress disorder. *Id.* at 26, 32.

4

### III.   DISCUSSION

Sharp is proceeding on Eighth Amendment claims against the Defendants. To prevail on a claim of deliberate indifference, a plaintiff must show that the defendant was deliberately indifferent—that is, that the defendant was subjectively aware of a serious risk of harm and disregarded it. *See Farmer v. Brennan*, 511 U.S. 825, 834–37 (1994). Deliberate indifference requires more than negligence or even objective recklessness. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up).

Defendants argue they are entitled to summary judgment as no designated evidence suggests that they were aware of a serious risk of harm to Sharp and disregarded such risk. The Court agrees. No designated evidence supports an inference that Sharp was exposed to a serious risk of harm at all when he received the vaccine intended for another inmate. The Court understands that Sharp experienced anxiety after the event as he thought about what might have happened if Nurse Baker had mistakenly given him a potentially injurious shot. But she did not. And, even if there was a serious risk of harm, no designated evidence would allow a reasonable jury to conclude that Defendants were aware of that risk and disregarded it. No designated evidence suggests that Officer Hinton or Officer Arms knew that they were sending the wrong "Sharp" to see Nurse Baker, and no designated evidence suggests that Nurse Baker knew that she was giving the vaccine to the wrong "Sharp."

As to Officer Hinton and Officer Arms, Sharp admitted at his deposition that they did not even know the reason for the medical visit, so it would have been impossible for them to have known that he was being exposed to a serious risk of harm.

It is undisputed evidence is that Officer Hinton and Officer Arms failed to confirm that the IDOC identification number on the medical pass belonged to Sharp and Nurse Baker failed to

5

confirm that she was giving the vaccine to the correct inmate "Sharp." This evidence is troubling and could have resulted in significant injury to Sharp. But, given that the medical pass said "Sharp," Defendants' one-time failure to confirm the IDOC identification number at worst amounts to negligence, which is insufficient to establish a claim of deliberate indifference. *See Duerson v. Hadley*, No. 20-3271, 2021 WL 6102170, at *1 (7th Cir. Dec. 23, 2021) (affirming grant of summary judgment on Eighth Amendment claims where defendant mistakenly gave plaintiff two doses of medication intended for another inmate because there was no evidence that defendant knew of the error when dispensing the medication and his failure to check the inmate identification number at most amounted to negligence).

Because no reasonable jury could conclude that Defendants were deliberately indifferent to a serious risk of harm to Sharp, their summary judgment motions are **granted**.

## IV. CONCLUSION

Defendants' Motions for Summary Judgment, Dkts. [38] and [43], are **GRANTED.** Sharp's claims are **dismissed with prejudice**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 2/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jason Sharp
7245 Brooks Road
Harrison, Ohio  45030

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com

6

Amanda Jo Holbrook
OFFICE OF THE INDIANA ATTORNEY GENERAL
amanda.holbrook@atg.in.gov

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com

Jordan Douglas Hall
LEWIS AND WILKINS LLP
hall@lewisandwilkins.com